# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * * * * * *
ESFANDIAR SANTINI and LAURIE    *
OMIDVAR, legal representatives of a    *
minor child, AYDIEN CLIFF OMIDVAR    *        No. 06-725V
      *        Special Master Christian J. Moran
            Petitioners,    *
      *
v.       *        Filed: September 14, 2015
      *
SECRETARY OF HEALTH       *        Attorneys' fees and costs; award
AND HUMAN SERVICES,       *        in the amount to which
      *        respondent does not object
            Respondent.    *
* * * * * * * * * * * * * * * * * * * * * * *

Curtis R. Webb, Twin Falls, ID, for Petitioner;
Voris E. Johnson, Jr., U.S. Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION ON FEES AND COSTS[1]

Petitioners Esfandiar Santini and Laurie Omidvar, as parents and natural guardians of Aydien Cliff Omidvar, filed a final application for attorneys' fees and costs on August 12, 2015. The Court awards the amount to which respondent does not object.

Mr. Santini and Ms. Omidvar claimed that the diphtheria-tetanus-acellular pertussis ("DTaP") vaccine caused or significantly aggravated Aydien's Dravet syndrome. See Petition, filed Oct. 20, 2006. While the case was pending after an entitlement hearing, the petitioners filed a motion for an award of attorneys' fees and costs on an interim basis. The petitioners were awarded $75,097.32. 2013 WL 3117024 (Fed. Cl. Spec. Mstr. May 24, 2013). The petitioners filed a second motion for an award of attorneys' fees and costs on an interim basis. They were awarded $57,537.70. Decision, Mar. 24, 2015.

The petitioners were found not entitled to compensation. Decision, 2014 WL 7891507 (Fed. Cl. Spec. Mstr. Dec. 15, 2014). The petitioners filed a motion for review, which was

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

denied. 122 Fed. Cl. 102 (2015). Because the petitioners did not appeal to the Federal Circuit, the denial of the motion for review completed the entitlement phase of their case.

The petitioners now seek an award of attorneys' fees and costs for work performed after the two Interim Fee Decisions. The primary work has been preparing and arguing the motion for review. The petitioners are requesting attorneys' fees and costs in the amount of $18,750.00 and the Secretary does not object.

Even though compensation was denied, a petitioner who brings her petition in good faith and who has a reasonable basis for the petition may be awarded attorneys' fees and costs. See 42 U.S.C. § 300aa–15(e)(1). Here, the Secretary has not challenged these criteria and there was a reasonable basis for the motion for review.

Petitioners seek a total of **$18,750.00** in attorneys' fees and costs for petitioners' counsel. Additionally, petitioners filed a statement of costs in compliance with General Order No. 9, stating that petitioners incurred no reimbursable costs in pursuit of their claim. Respondent stated that she had no objection to this application for attorneys' fees and costs.

After reviewing the request, the court awards **$18,750.00** in attorneys' fees and other litigation costs. The court thanks the parties for their cooperative efforts in resolving this matter.

The Clerk shall enter judgment accordingly.[2]

**IT IS SO ORDERED.**

S/ Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.